In re Estate of Worstell.

[Cite as *In re Estate of Worstell,*
100 Ohio St.3d 1258, 2003-Ohio-6387.]

(No. 2002–1981—Submitted November 4, 2003—Decided December 17, 2003.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently allowed.

Moyer, C.J., Lundberg Stratton, O'Connor and O'Donnell, JJ., concur.

Resnick, F.E. Sweeney and Pfeifer, JJ., dissent.

---

**Pfeifer, J., dissenting.**

{¶ 2} A jury found that Mr. Ralph Worstell did not have testamentary capacity to make a will. The jury based its decision on the testimony of Worstell's nephew, Worstell's tenant, and most important, on the testimony of Dr. Albert Bayer, a medical doctor and board-certified geriatric psychiatrist. Little contrary evidence was presented, primarily that of the attorney who drafted the will, who could hardly be expected to testify that he allowed a man lacking testamentary capacity to sign a will. Nevertheless, the court of appeals determined that the jury verdict was against the manifest weight of the evidence and reversed the judgment.

{¶ 3} The court of appeals relied on *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, where this court explained when it is appropriate to overturn a jury verdict to prevent a manifest miscarriage of justice in a criminal trial. This reliance was misplaced because the standard of proof in a criminal trial is higher than in a civil trial. We should render an opinion in this case that clarifies the standard. I dissent and would reverse the judgment of the court of appeals.

Resnick and F.E. Sweeney, JJ., concur in the foregoing dissenting opinion.

Murray, Murphy, Moul & Basil, L.L.P., and Joseph F. Murray; Ekonomou, Atkinson & Lambros, L.L.C., Michael G. Lambros, Thomas J. Cullen and Paul E. Nystrom III, for appellant Gary M. Worstell.

Porter, Wright, Morris & Arthur, L.L.P., Paul G. Hallinan, Armistead W. Gilliam Jr., Philip E. Kessler and Robin D. Ryan, for appellee American Cancer Society, Western Ohio Division, Inc.